# Third District Court of Appeal

## State of Florida

Opinion filed July 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0951
Lower Tribunal No. F05-38046
_____

**Nelson Rodriguez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Nelson Rodriguez, in proper person.

Ashley Moody, Attorney General, for appellee The State of Florida.

Before FERNANDEZ, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed.  See Bates v. State, 3 So. 3d 1091, 1098 (Fla. 2009) ("In order to be entitled to postconviction DNA testing, a defendant's motion must include 'a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained.'  The motion must also allege that the evidence was not previously tested or that the results of such testing were inconclusive.  Additionally, a defendant's motion must explain how the DNA testing requested will exonerate the defendant or mitigate the defendant's sentence.") (quoting Fla. R. Crim. P. 3.853(b)(1)-(4)); Hitchcock v. State, 866 So. 2d 23, 27 (Fla. 2004) ("The clear requirement of these provisions is that a movant, in pleading the requirements of rule 3.853, must lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence.  In order for the trial court to make the required findings, the movant must demonstrate the nexus between the potential results of DNA testing on each piece of evidence and the issues in the case.  Here, [the defendant] failed to demonstrate such a nexus.").